UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAMEN LONG SOLDIER,<br><br>    Petitioner,<br><br> vs.<br><br>THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>    Respondent. | 4:24-CV-4183-RAL<br><br>REPORT AND RECOMMENDATION |

  Damen Long Soldier, a person imprisoned pursuant to a state court criminal judgment of conviction, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See Docket No. 1.  The court has screened this petition pursuant to Rule 4 of the Rules Governing 2254 Cases and concludes Mr. Long Soldier's petition must be dismissed.

  Mr. Long Soldier was convicted by a jury of first-degree robbery after robbing a 76-year-old female employee of a casino.  State v. Long Soldier, 994 N.W.2d 212, 214 (S.D. 2023).  He appealed his conviction raising a single issue:  whether the evidence introduced by the prosecution at his trial was sufficient to convict him.  Id.  The South Dakota Supreme Court rejected that argument, issuing an opinion affirming Mr. Long Soldier's conviction and sentence on July 26, 2023.  Id.

According to Mr. Long Soldier's federal habeas petition, he filed no petition for a writ of certiorari to the United States Supreme Court nor did he file a state habeas petition in any South Dakota court.  Docket No. 1 at pp. 2-3.  Instead, he proceeded directly to this court, where he raises claims of ineffective assistance of counsel, cruel and unusual punishment, deprivation of due process rights, and lack of jurisdiction by the state trial court.  Id. at pp. 5-10.  None of these issues were raised in Mr. Long Soldier's direct appeal and, by his own admission, he did not raise any of these issues in a state habeas petition because he never filed any such petition.

Before a state prisoner can file a federal habeas petition pursuant to § 2254, he must first exhaust those claims in state court by presenting them first to the circuit court (trial court) and then to the South Dakota Supreme Court.  See 28 U.S.C. § 2254(b)(1)(A).  See also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  Mr. Long Soldier has not done this.  Therefore, this court may not entertain his claims.  Id.

When a petitioner such as Mr. Long Soldier has not first exhausted his claims in state court before filing a federal habeas petition, the proper course for the court is to dismiss that petition *without* prejudice *if* the petitioner may still feasibly go back to state court and present his claims there.   Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998) (holding that if a petitioner has failed to exhaust administrative remedies, and further non-futile remedies are still available to him in state court, then the federal court dismisses the federal

petition without prejudice, allowing the petitioner to exhaust his state court remedies).

South Dakota has a two-year statute of limitations for filing state habeas petitions after a prisoner's conviction becomes final. SDCL § 21-27-3.3. Here, it has only been a little over one year since the South Dakota Supreme Court affirmed Mr. Long Soldier's conviction, making it final. Therefore, he can still return to state court and file a state habeas petition in order to properly present his claims in state court as § 2254(b)(1)(A) requires him to do.

Accordingly, it is hereby respectfully

RECOMMENDED that Mr. Long Soldier's federal habeas petition be dismissed *without prejudice* to allow him to exhaust his claims in state court. Once he has properly exhausted his claims in state court, he would be free to refile a federal habeas petition containing those exhausted claims.

Dated October 4, 2024.

BY THE COURT:

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE